### GERDY v. TISSOT et al.

(Supreme Court, Appellate Term. May 27, 1912.)

WITNESSES (§ 183\*)—TRANSACTIONS WITH DECEDENT.

    A question asked to qualify a witness in an action against an administrator offered to testify as to decedent's signature, as to whether witness saw the decedent at any time sign her name "other than in a personal transaction between you and she," was objectionable; it being for the court and not the witness to determine what is a personal transaction, within Code Civ. Proc. § 829.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 731; Dec. Dig. § 183.\*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Eugene A. Gerdy against Harry L. Tissot, as administrator of Aline Tissot, deceased. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Kantrowitz & Esberg, of New York City (Samuel Solinsky, of counsel), for appellant.

Murphy & Fultz, of New York City, for respondent.

LEHMAN, J. For the purpose of qualifying the witness to testify as to decedent's signature, she was asked the preliminary question, "Did you see her at any time sign her name, other than in a personal transaction between you and she?" Under the authority of Wilber v. Gillespie, 127 App. Div. 604, 112 N. Y. Supp. 20, this question was objectionable, under section 829 of the Code. Most of the authorities relied on by the plaintiff are considered and distinguished in that case. It is true that this question expressly excludes "personal transactions"; but it is obvious that the court, and not the witness, must determine as to what is a personal transaction, and since, under the authority of the case cited above, the conduct of the decedent of that case in writing her name in the witness' presence a sufficient number of times to produce an impression or information sufficient to qualify the witness to express an opinion must be held to constitute a personal transaction, this evidence cannot be made admissible by the form of the question.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.